UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael K. Kazanjian, Trustee of
Kaz Realty Trust, and Manifest
Capital Unlimited, Inc.

   v.                                            Civil No. 12-cv-378-JL

Valmond R. Dube, Individually,
and as Trustee of Dube Living
Trust, and 143 Dracut Road LLC

REPORT AND RECOMMENDATION

Before the court is an action to quiet title, asserting state law claims, filed by pro se plaintiffs, Manifest Capital Unlimited, Inc., a Massachusetts corporation with a principal place of business in Massachusetts, and Michael K. Kazanjian, a New Hampshire resident, appearing in his capacity as trustee of the Kaz Realty Trust, a New Hampshire trust.[1]  Defendants, Valmond R. Dube, the Dube Living Trust, and 143 Dracut Road LLC, have filed their answer (doc. no. 9).  Because plaintiffs have paid the filing fee, the matter is before the court for preliminary review, to determine whether the complaint invokes the subject matter jurisdiction of this court, pursuant to United States

---

[1] The court has ordered the plaintiff corporation to file an appearance of counsel by November 1, 2012.  See Order (doc. no. 2).

District Court District of New Hampshire Local Rule 4.3(d)(1)(A).

Also pending before the court is plaintiffs' ex parte motion for emergency relief (doc. no. 5).  See Order (doc. no. 6) (referring motion to magistrate judge for report and recommendation).  For reasons stated below, the court should dismiss the case for lack of subject matter jurisdiction, and deny the motion (doc. no. 5).

## Discussion

Federal courts are courts of limited jurisdiction. In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007).  The presumption is that a federal court lacks jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove it.  See id.; K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011), cert. denied, 132 S. Ct. 1098 (2012).  If the court lacks subject matter jurisdiction over a matter, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

The claims in the case involve allegations of defendants' predatory lending practices, invalid foreclosure proceedings,

breach of fiduciary duties, and other state law claims.  The claims in this matter relate to defendants' purchase of property, at an August 2012 foreclosure sale, after that property had been deeded in February 2012 from Kaz Realty Trust to Manifest Capital Unlimited, Inc., subject to mortgages held by the Dube Living Trust and Lowell Cooperative Bank.  There are no claims upon which this court may exercise federal question jurisdiction, see 28 U.S.C. § 1331, and plaintiffs seek to invoke only this court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

   To establish federal diversity jurisdiction over this case, plaintiffs must satisfy the requirements set forth in 28 U.S.C. § 1332, in particular, diversity of citizenship, and an amount in controversy exceeding $75,000.  "Where it applies, diversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.'  This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."  Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (citations omitted).  "The rule is most inflexibly applied at the time of filing, for it has long been settled that 'the jurisdiction of the court depends upon the state of things at

the time of the action brought.'" In re Olympic Mills Corp., 477 F.3d at 7.

The complaint in the instant case asserts that one plaintiff is a New Hampshire resident trustee of a New Hampshire trust, and that each defendant is a New Hampshire citizen. Therefore, no diversity jurisdiction exists in this case, and the case should be dismissed without prejudice. Because the case should be dismissed, the ex parte motion for emergency relief (doc. no. 5), seeking consolidation of this case with pending state litigation, should be denied.

## Conclusion

For the foregoing reasons, the court should dismiss this case, without prejudice, for lack of subject matter jurisdiction, and should deny the ex parte motion (doc. no. 5). Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

The clerk shall provide copies of this report and recommendation to Manifest Capital Unlimited, Inc., care of Christopher J. Cox, and to Michael K. Kazanjian, pro se.

                                                _____
                                                Landya McCafferty
                                                United States Magistrate Judge

November 7, 2012

cc:  Michael K. Kazanjian, pro se
     Manifest Capital Unlimited, Inc.
     Christopher J. Cox
     Steven A. Bolton, Esq.

LBM:nmd